James COPE, et al.

v.

David D. DUGGINS, et al.

No. CIV A. 98–3599.

United States District Court, E.D. Louisiana.

April 17, 2002.

---

Steve Russell Conley, Metairie, LA, O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, for Plaintiffs.

John Villars Baus, Jr., David Scranton Daly, Baus, Hammond & Daly, L.L.P., New Orleans, LA, Jennifer Carter de-Blanc, Metairie, LA, for Defendants.

Janice K. Capizzo, Marrero, LA, for Movant.

### ORDER AND REASONS

FALLON, District Judge.

Class representatives James and Jeanne Cope, on behalf of themselves and all others similarly situated, together with defendants David Duggins, individually and as a professional law corporation, and Glenn Laigast seek final approval of a class settlement. Also, before the Court is the motion of class representatives James and Jeanne Cope, on behalf of themselves and all others similarly situated, for approval of costs, expenses, and attorney fees for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. For reasons set forth below the class action settlement agreement is APPROVED and the motion for approval of costs, expenses, and attorney fees is GRANTED.

### I. BACKGROUND

This case arises out of a letter which was sent by defendants to plaintiffs James and Jeanne Cope dated December 9, 1997 which sought to collect a debt owed by them to De La Salle High School. The letter was prepared on letterhead from defendant David Duggins's law firm and is signed by defendant Glenn Laigast, a non-attorney collection supervisor employed by the Duggins law firm. The letter indicated that the Copes owed $2,065.70 to De La Salle, of which, $413.14 is assessed for attorneys fees. The letter stated that "this office has been retained to collect the past due debt," and if the debt is not paid, the letter explains "we will proceed with further collection as authorized by law."

Plaintiff filed this lawsuit contending that the defendants violated the Fair Debt and Collection Practices Act by sending the debt collection letter. Specifically, plaintiffs complained that the letter violated the FDCPA because it was prepared on attorney letterhead and signed by a non-attorney. Plaintiffs also argued that the defendants assessed attorneys fees prior to the involvement of an attorney and without the consent of plaintiffs or the court. Contending that more than 300 individuals were sent similar letters, plaintiff sought certification of a class of plaintiffs with like claims.

On April 13, 2000, the Court certified a class of an estimated 5,000 plaintiffs on the basis of common issues of law and fact concerning the legality of the debt collection letters sent by defendants on attorney letterhead but allegedly signed by a non-attorney. However, the Court denied class certification of plaintiffs' claim that the defendants violated the FDCPA by improperly assessing attorneys fees in its debt collection letter prior to the involvement of an attorney and without consent of plaintiffs or the court. These claims were too case specific and failed to satisfy the commonality requirement of Rule 23(a).

Following certification of the class, the parties entered into negotiations and reached a settlement as to the claims of all class members. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties detailed the terms of their agreement in a joint motion for preliminary approval of class settlement submitted to the Court for approval on January 9, 2002. The Court requested further documentation from the parties on the issues of administering and distributing funds of the proposed settlement and on the hours worked and the nature of the work performed by counsel. In its Order and Reasons dated April 4, 2001, the Court denied the motion for preliminary approval on the grounds that the attorneys fees sought were not reasonable and fair.

On November 28, 2001 the parties again sought preliminary approval of a settlement agreement. On December 13, 2002,

the Court granted preliminary approval to the settlement, the monetary terms of which are as follows:

(a) Defendants will pay the total sum of $8,000.00 to the class members in settlement of their claims, to be divided among the class members on a pro-rata basis; and

(b) Defendants will pay the total sum of $4,250.00 to the Copes in settlement of their individual (non-class) claims against the defendants

The Court held a fairness hearing on February 6, 2002 for the purpose of receiving and ruling on any objections to the settlement agreement. In connection with the hearing, counsel for plaintiffs submitted a Report of Class Membership, Opt–Outs and Objections wherein counsel indicated the following:

| | |
|---|---|
| Total number of class notices mailed: | 4,925 |
| Total number of claims forms returned: | 672 |
| Total number of notices returned as undeliverable: | 8 |
| Total number of opt-outs: | 2 |
| Total number of objections: | 1 |

Counsel for plaintiff also indicated that based on a class action settlement fund of $8,000, each person who returned a claim form will receive $11.90. The $8,000 that was negotiated as a class settlement represents over sixty percent of the maximum amount of money that could be awarded to the class under the FDCPA. Counsel notes that under 15 U.S.C. § 1692k(A)(2)(B)(ii), the FDCPA limits monetary damages in a class action to an amount not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector. In this case, one percent of the defendants' net worth is $12,912.15. Counsel for plaintiffs further indicates that the one person who is objecting to the class settlement did not chose to opt-out of the class. The one

objector complains that the "meager amount of $8,000 to be divided among so many people" lets the defendants off too lightly.

## II. ANALYSIS

Final court approval of a class action settlement is mandatory under Fed. R.Civ.P. 23(e). The Court must review the provisions of the settlement for fairness, adequacy, and reasonableness. *See Cotton v. Hinton,* 559 F.2d 1326 (5th Cir.1977). In evaluating settlement proposals, six factors should be considered: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson,* 667 F.2d 1204, 1209 (5th Cir. 1982), *cert denied,* 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). The amount of the attorneys' fees must also be approved by the district court. The court has a responsibility to assess the reasonableness of the attorneys' fees in light of the standards enunciated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974)[1] and to enter findings of fact and conclusions of law setting out the basis for the fee award. *Parker,* 667 F.2d at 1213.

### A. The Settlement Agreement

With regard to the possible range of recovery, the Court notes that the amount of damages in this class action is

---

**1.** *Johnson* was overruled on other grounds by *Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct.

939, 103 L.Ed.2d 67 (1989)

limited by the FDCPA. Specifically 15 U.S.C. § 1692k(A)(2)(B)(ii) limits monetary damages in a class action to an amount not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector. In this case, one percent of the defendant's net worth is $12,912.15. The $8,000 agreed upon represents over sixty percent of the maximum recoverable amount in this case. Considering the expense and likely duration of the litigation together with the factual and legal obstacles to prevailing on the merits, the Court finds the agreed upon amount is reasonable.

### B. Reasonableness of Attorneys Fees Awarded Pursuant to the FDCPA

In class actions the Court has the duty to evaluate attorneys' fees proposed by attorneys for the class. The Court assesses the reasonableness of attorneys' fees in class action settlements for two important reasons. First, the Court reviews attorney fees to protect class members from unfair settlements and to minimize conflicts of interest that may arise between class members and their attorney representatives. *Strong v. BellSouth Telecom., Inc.*, 137 F.3d 844, 849 (5th Cir.1998). Second, the Court examines counsel compensation to prevent promulgating a public perception that attorneys exploit the members of their class to obtain excessive fees. *See id.* "The Court's review of the attorneys' fees component of a settlement agreement is thus an essential part of its role as guardian of the interests of its class members." *Id.* at 850.

When a consumer brings a successful FDCPA lawsuit, the defendant debt collector is liable for "the costs of the action, together with a reasonable attorney's fee" in an amount to be fixed in the discretion of the court. 15 U.S.C. § 1692k(a)(3). The defendants do not contest that plaintiff is a prevailing party by virtue of the settlement in its favor. *See Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (a plaintiff may prevail through settlement of the merits of his claims where the relief secured directly benefits him at the time of settlement). Accordingly, plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to § 1692k(a)(3).

The calculation of reasonable fees and costs under § 1692k(a)(3) is governed by the facts and circumstances of the underlying litigation viewed in light of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[2] Nevertheless, the trial court should consider the twelve *Johnson* factors in light of the following framework: it should (1) ascertain the nature and extent of the services supplied by the attorney; (2) determine the value of the services according to the customary fee and the quality of the work; and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the petitioner's case. *See Von Clark v. Butler,* 916 F.2d 255 (5th Cir. 1990); *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1092 (5th Cir. 1982) (*Copper Liquor III* ), *modified on other grounds,* 701 F.2d 542 (5th Cir.1983)

**2.** The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

(en banc), *overruled on other grounds, International Woodworkers of America, AFL–CIO v. Champion Int'l Corp.*, 790 F.2d 1174, 1175 (5th Cir.1986). The first two steps require a lodestar analysis. Under this analysis it is necessary to determine the number of hours reasonably expended to perform the legal services for which compensation is requested. The reasonable number of hours is then multiplied by a reasonable hourly rate for the attorney providing the services, the later being based on the Court's determination of the attorney's reputation, status and type of activity for which the attorney is seeking compensation. The product of the two figures is the "lodestar." *Nisby v. Commissioners Court of Jefferson County*, 798 F.2d 134, 136 (5th Cir.1986).

After having arrived at a lodestar calculation, the district court applies the remaining *Johnson* factors to determine if the lodestar should be adjusted upward or downward based on the contingency of success and the quality of the attorney's work. *Id.* at 137. The district court must be careful not to "double count" a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments under part three of the "framework." *See Sims v. Jefferson Downs Racing Assn.*, 778 F.2d 1068, 1084 (5th Cir.1985). The district court however, should pay "special heed" to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation and ability of counsel. *Copper Liquor III*, 684 F.2d at 1092.

 The plaintiff has the burden of substantiating the hours expended with sufficient clarity to enable the court to determine whether the claimed hours were in fact reasonable. *See Hensley*, 461 U.S. at 437, 103 S.Ct. 1933; *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. In this case plaintiffs' attorney Steve Conley indicates that he has expended a total of 131.10 hours in this case. Mr. Conley's hourly rate is $200 per hour. Mr. Conley's co-counsel, O. Randolph Bragg, indicates that he has expended a total of 104.8 hours in this litigation. Also, Mr. Bragg's law clerks, Michael Kelly and Bethany Hilbert, spent a total of 21.2 hours in this litigation. Mr. Bragg's hourly rate is $300 per hour for his services and $85 per hour for the services of his law clerks. Based on these figures the lodestar calculations would be as follows:

| | |
|---|---|
| Steve Conley | $26,220.00 |
| O. Randolph Bragg | $31,440.00 |
| Law Clerks | $51,802.00 |
| Total Lodestar | $59,462.00 |

 A reasonable hourly rate for attorney's fees awarded under § 1692k(a)(3) is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity. *See Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir.1998). The plaintiff bears the burden of producing satisfactory evidence that the requested rate is reasonable. *Id.; Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983);[3] *Von Clark*, 916 F.2d at 259. Satisfactory evidence should include evidence offered in declarations or opinion evidence of rates actually billed and paid by plaintiff's counsel, rates

---

**3.** *Hensley* involved an award of attorney's fees pursuant to 42 U.S.C. § 1988, but the Court specifically stated that, "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433, 103 S.Ct. 1933.

charged by lawyers in similar lawsuits, and the relative skill of the attorney involved. *Blum*, 465 U.S. at 896 n. 11, 104 S.Ct. 1541; *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

In this case Mr. Conley supports his hourly charge of $200 with his sworn declaration that such is the hourly rate charged by him in all class actions. The Court notes that there is other support for a $200 per hour charge in FDCPA cases. *See Hagan v. MRS Associates, Inc.*, 2001 WL 531119 at *2 (E.D.La.) (collecting cases).

Mr. Bragg supports his rate of $300 per hour on the grounds that he is located and practices in Chicago and that he is an experienced consumer lawyer. Mr. Bragg points out that his rate of $300 per hour has been approved of in other cases. *See Silva v. National Telewire Corp.*, 2001 WL 1609387 (D.N.H.). Mr. Bragg contends that attorneys' fees may be based on a non-local rate if it was reasonable for the plaintiff to hire a non-local attorney.[4]

Finally, the rate of $85 per hour for the services of the law clerks is supported by legal authority in this circuit. *See League of United Latin American Citizens # 4552 v. Roscoe Ind. School Dist.*, 119 F.3d 1228, 1235 (5th Cir.1997) (reasonable rates for paralegals and law clerks is $75—$125 per hour).

▆ Notwithstanding these facts, the attorneys are seeking less than the lodestar calculation. Counsel seek approval for $25,000.00 in attorneys' fees – only forty-two percent of the lodestar figure. The effective time expended and fees sought are in line with, and are in fact less than, that approved of in other FDCPA cases. *See League of United Latin American Citizens # 4552 v. Roscoe Ind. School Dist.*, 119 F.3d 1228 (5th Cir.1997); *Hagan v. MRS Associates, Inc.*, 2001 WL 531119 (E.D.La.) (collecting cases). Further, although the $25,000 attorney's fee seems to be out of proportion with the $8,000 that will be divided among the class members, this imbalance is principally attributable to the design of the FDCPA damages provision, specifically § 1692k(A)(2)(b)(ii), which caps the amount of damages in a class action lawsuit at the lesser of $500,000 or one percent of the net worth of the debt collector. Indeed, the Fifth Circuit has rejected a rule of proportionality between the fee awarded and the damages recovered in determining the amount of the award of attorney fees. *See R.M. Perez & Assoc., Inc. v. Welch*, 960 F.2d 534, 542 (5th Cir.1992). In light of the foregoing, the Court finds that the $25,000 fee sought for attorneys' fees and costs of litigation is reasonable and fair under the circumstances.

### III. CONCLUSION

For the foregoing reasons, the class action settlement agreement is APPROVED and the motion for approval of costs, expenses, and attorney fees is GRANTED.

---

**4.** The Court need not reach this issue because the amount of attorneys' fees sought is less than the lodestar calculation. Therefore, in effect, Mr. Bragg is not seeking an hourly rate of $300 per hour.