# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50372
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2017

Lyle W. Cayce
Clerk

ANNETTE SALDIVAR,

      Plaintiff - Appellant

v.

AUSTIN INDEPENDENT SCHOOL DISTRICT,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-117

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

A jury awarded Annette Saldivar $2,171.20 in damages under the Fair Labor Standards Act for eighty hours of unpaid overtime she performed as an administrative assistant at one of the defendant's elementary schools. Saldivar and her counsel appeal from an order of the district court granting a reduced award of attorney's fees in the amount of $29,053.12. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50372

## FACTUAL AND PROCEDURAL BACKGROUND

After prevailing on her Fair Labor Standards Act (FLSA) claim, Saldivar requested attorney's fees in the amount of $172,042.50 based on the approximately 491 hours her counsel billed at a rate of $350.00 per hour. *See* 29 U.S.C. § 216(b). The defendant, Austin Independent School District (AISD), did not dispute that Saldivar was entitled to an award of attorney's fees nor did it dispute the hourly rate. It did challenge the reasonableness of the hours billed. AISD also contested counsel's billing judgment because the total billed hours included work on unsuccessful claims[1] and clerical work.

Finding "scant evidence of billing judgment," the district court initially reduced the number of hours billed by 5% and then reduced the lodestar by $1,991.25 as an appropriate offset for the performed clerical work. Accordingly, the district court calculated the lodestar for Saldivar's counsel as $161,406.25. The court then adjusted the lodestar downward by 82% to $29,053.12 based on Saldivar's limited success in the litigation and an analysis of fee awards in similar cases. Saldivar timely appealed the court's order as to the reduction of the lodestar but not as to its finding of reasonableness.

## DISCUSSION

"A district court's determination of attorneys' fees is reviewed for abuse of discretion, and the findings of fact supporting the award are reviewed for clear error." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). Under the abuse of discretion standard, we "inspect the district court's lodestar analysis only to determine if the court sufficiently *considered* the appropriate

---

[1] Saldivar also filed a claim for age discrimination against AISD under the Age Discrimination in Employment Act (ADEA) and the Texas Commission on Human Rights Act (TCHRA). The district court granted AISD's motion for summary judgment on Saldivar's age discrimination claims on September 24, 2015.

criteria." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (emphasis in original).

A district court is to calculate the "lodestar" by multiplying the reasonable hourly rate by the number of hours reasonably expended on the litigation. *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). Though there is a strong presumption that the lodestar amount is a reasonable fee, a court may adjust it based on the factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). The Supreme Court has emphasized that "the most critical factor" in determining an attorney's fee award "is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Saizan*, 448 F.3d at 800.

The district court agreed with AISD that a reduction in the lodestar was warranted based on Saldivar's limited success in the litigation and a comparison of fee awards in similar cases. The court first determined that Saldivar's monetary success was limited compared to the amount she sought at trial, because the requested fee was 79 times the amount of the damages award. The district court also analyzed fee awards in similar cases, concluding that the prior awards "militate[d] in favor of a downward adjustment." The court held that the remaining *Johnson* factors did not weigh in favor or against a reduction in the lodestar amount. Based on this reasoning, the court found "an 82% proportional reduction in the lodestar amount appropriately accounts for Saldivar's limited success and the amount awarded in similar cases." Accordingly, the court awarded a total of $29,053.12 in attorney's fees.

No. 16-50372

On appeal, Saldivar relies on one of this court's recent decisions for the proposition that the district court abuses its discretion by applying a strict proportionality requirement to the attorney's fees award. *See Combs v. City of Huntington,* 829 F.3d 388, 398 (5th Cir. 2016). Saldivar is correct "that there is no *per se* proportionality rule." *See Saizan*, 448 F.3d at 802. In the recent decision, we reversed the district court's award of attorney's fees because the lower court relied on erroneous conclusions of law to cap the fee-to-damages ratio at six-and-one-half times to one. *Combs,* 829 F.3d at 397–98. Even so, we reinforced "that proportionality between attorney's fees and damages may be considered in determining a reasonable fee." *Id.* (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998)).

Nothing in the record indicates the district court employed a cap on the ratio between fees and damages awarded in setting Saldivar's attorney's fees approximately thirteen times the damages she recovered. Instead, the district court faithfully applied our holding from *Migis* by recognizing a ratio of seventy-nine to one is "simply too large to allow the fee award to stand." *See Migis*, 135 F.3d at 1048. In sum, the district court gave adequate but limited consideration to the result obtained relative to the fee award.

Saldivar next argues the district court abused its discretion by considering only one *Johnson* factor when reducing the lodestar and awarding her fees. On this point, Saldivar relies on our prior holding that, although the degree of success is a critical factor, "it would be an abuse of discretion for the district court to reduce [an] attorney's fee award *solely* on" that basis. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) (emphasis added).

Our response to this argument is that rulings on fee awards need not "be so excruciatingly explicit" that those decisions "consume more paper than did the cases from which they arose." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228–29 (5th Cir. 2008) (quotation marks omitted).

4

No. 16-50372

Our focus is on whether the district court's analysis is "complete enough" for us to review "whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir. 1986). Put another way, we do not require a court "to recite or even mention the *Johnson* factors, so long as the record clearly indicates that the district court has utilized the *Johnson* framework as the basis for its analysis." *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016) (quotation marks omitted).

Contrary to Saldivar's assertions, the district court did not reduce the fee solely on the basis of the amount of damages obtained, which would be an abuse of discretion. *See Black*, 732 F.3d at 503. The district court explicitly recognized such a ruling would be error. The district court analyzed Saldivar's monetary success and concluded "the lodestar must be reduced to reflect a reasonable fee in relation to the result obtained." The district court then turned to an analysis of other fee awards in similar cases and found this *Johnson* factor also supported a reduction. Although the district court found the remaining *Johnson* factors inconclusive, its analysis was "complete enough" for us to say that it did not abuse its discretion. *See Brantley*, 804 F.2d at 326; *cf. Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (reversing an award of attorney's fees where "the district court failed to provide any indication that it considered [the *Johnson* factors] at all").

We also reject all Saldivar's other challenges to the fee reduction. In particular, the district court did not impermissibly "double count" because the factors considered by the court in determining the lodestar figure of $161,406.25 were not considered by the court in adjusting the lodestar downward to $29,053.12. *See Migis*, 135 F.3d at 1047.

AFFIRMED.

5