# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20369
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2019

Lyle W. Cayce
Clerk

CARMEN A. MARTINEZ,

      Plaintiff - Appellee

v.

RANCH MASONRY, INCORPORATED; RANCH MASONRY AND CAST STONE, L.L.C.; JOSEFINA C. GARCILAZO; ARTURO GARCILAZO,

      Defendants - Appellants

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3267

---

Before  STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:*

    This case concerns the appropriateness of the district court's award of attorney's fees to Plaintiff-Appellee Carmen A. Martinez. For the reasons below, we AFFIRM the district court's award of attorney's fees for Martinez.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20369

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2017, Martinez brought a claim for unpaid overtime under 29 U.S.C. § 207(a). On October 16, 2017, Martinez filed a motion for partial summary judgment seeking judgment from the district court on the issue of whether he was considered an employee of both Ranch Masonry, Inc. and Ranch Masonry and Cast Stone, LLC (collectively "the Defendant Companies"). Martinez also sought a judgment regarding whether the Defendant Companies met the requirements for joint employers under the Fair Labor Standards Act ("FLSA") and whether as joint employers, their compensation scheme violated the FLSA. The district court denied Martinez's motion for partial summary judgment. The case then proceeded to a bench trial from February 15, 2018 to February 16, 2018.  On February 23, 2018, Martinez filed an application for attorney's fees, asserting that his attorneys were owed $92,512.50 should he be successful in litigating his FLSA claim. Martinez later reduced this amount to $70,185.00 "to remove redundant and/or duplicative attorney's fees, the paralegal's time, time spent attempting to add additional plaintiffs to the lawsuit and one-half of Mark Suirek's time. On March 2, 2018, the Defendants filed a response to Martinez's application for attorney's fees, asserting that the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) did not justify such a high attorney's fees award.

On April 2, 2018, the district court issued its findings of fact and conclusions of law, awarding Martinez overtime pay and attorney's fees.[1] The

---

[1] The parties were ordered to submit by April 20, 2018, an agreed upon amount of overtime pay that the Defendants owed Martinez, to which Martinez would be awarded an equal amount of liquidated damages.  Additionally, the parties were encouraged to reach an agreement regarding the appropriate amount of attorney's fees that the court should award

2

parties agreed that Martinez should receive $1,897.65 in overtime wages and an equal amount of liquidated damages, totaling $3,795.30. This overtime pay recovery was offset by $1,910.00 for payment on a loan that Martinez received for dental work. The district court's April 2, 2018 opinion awarded Martinez $35,092.50 in attorney's fees, departing from the $70,185.00 that Martinez originally sought.  Additionally, Martinez was awarded $2,632.94 in costs. On May 8, 2018, the district court entered a final judgment awarding Martinez $1,885.30 in overtime compensation, $35,092.50 in attorney's fees, and $2,632.94 in costs.

Defendants timely appealed the district court's judgment, asserting that the district court's judgment granting Martinez's award of attorney's fees in the amount of $35,092.50 should be reduced further pursuant to the *Johnson* factors.

## II.    ANALYSIS

"We review the [d]istrict [c]ourt's award of attorney's fees for abuse of discretion and its factual findings for clear error, assessing the initial determination of reasonable hours and rates for clear error and its application of the *Johnson* factors for abuse of discretion." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) (citations omitted). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)).

In *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979), we held that attorney's fees are mandatory if a defendant violates

---

to Martinez. Ultimately, the parties were not able to agree on an appropriate amount of attorney's fees.

the FLSA, 29 U.S.C. § 201, et seq.[2] In determining the appropriate amount of attorney's fees the court should award, the court must calculate the "lodestar" fee by "multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). After determining the lodestar fee, the district court must then examine the twelve factors enumerated in *Johnson* to decide if appropriate adjustments to the lodestar fee are necessary. *Id.*

The twelve *Johnson* factors are: "(1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis*, 135 F.3d at 1047 (citations omitted). We have noted that "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) (quoting *Saizan*, 448 F.3d at 799); *see also Migis*, 135 F.3d at 1047 (noting that the Supreme Court has also determined that this was the "most critical factor" (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983))).

---

[2] "The court [in a FLSA action pursuant to 29 U.S.C. § 207] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Neither party challenges the district court's calculation of the initial lodestar amount or the related factual findings. The issue on appeal is whether the district court considered the appropriate criteria in determining that Martinez's asserted attorney's fees amount should be reduced by only 50%. In other words, Defendants assert that the district court misapplied the governing law to the facts of this case, and thus, Martinez's attorney's fees should have been reduced by 82%. Defendants rely on *Saldivar v. Austin Indep. Sch. Dist.,* where we affirmed an 82% reduction in the plaintiff's attorney's fees. 675 F. App'x 429, 433 (5th Cir. 2017) (unpublished).

The district court analyzed each of the *Johnson* factors and found that (1) the amount involved and results obtained and (2) awards in similar cases "weighed heavily in favor of a significant decrease in the lodestar amount." It found that although Martinez was awarded overtime compensation, he was unsuccessful on the "willfulness issue, on the method for calculating the number of overtime hours worked during the two-year statute of limitations, and on the issue regarding the offset for the loan to Plaintiff for dental care." Additionally, it found that the amount of attorney's fees Martinez sought was thirty-seven times the amount of damages awarded, and that this was excessive. Accordingly, the district court determined that a 50% reduction in Martinez's attorney's fees would be appropriate.

Defendants seek further reduction of Martinez's attorney's fees, even though it concedes that the district court reviewed the correct case law. We will not overturn the district court unless it abused its discretion; relying on erroneous factual findings or conclusions of law, or misapplying the law to the facts of this case. *See Allen*, 813 F.3d at 572. In this case, the district court properly examined the facts presented and after analyzing the *Johnson* factors, decided to reduce Martinez's attorney's fees by 50%. Because the district court

thoroughly analyzed the *Johnson* factors and correctly applied them to the facts of this case, we find that the district court did not abuse its discretion.

## III.   CONCLUSION

For the reasons stated above, we AFFIRM the district court's award of attorney's fees for Martinez.