United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30375

STEPHEN SAIZAN, RUSSELL HOOGE, and RODOLFO GARCIA,

                                        Plaintiffs-Appellants,

versus

DELTA CONCRETE PRODUCTS COMPANY, INC.;
ABC INSURANCE COMPANY,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
_____

Before HIGGINBOTHAM, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:

I

Plaintiffs appeal the District Court's reduction in the requested amount of attorney's fees, awarded pursuant to the settlement of an alleged Fair Labor Standards Act violation. Stephen Saizan, Russell Hooge, and Rodolfo Garcia, plaintiffs-appellants, asserted that the Fair Labor Standards Act (FLSA)[1] covered the jobs they performed as batch men and that Delta Concrete Products Co. Inc., defendant-appellee, denied them compensation for overtime under the FLSA. The parties disputed the correct method of calculating the overtime compensation that

_____

[1] 29 U.S.C. §§ 201-19.

Plaintiffs alleged they were owed. Delta Concrete urged the use of the fluctuating workweek method, resulting in a total value of $15,619, while Plaintiffs urged the court to adopt a method that would have resulted in a recovery of $156,000. Prior to trial in August 2002, the court ruled that if Plaintiffs established liability, the court would use the fluctuating workweek formula to compute the overtime wages due.[2]

Mediation and other settlement efforts were unsuccessful and the case proceeded to trial. The jury's partial verdict did not resolve the question of Delta Concrete's liability under FLSA. However, based on the evidence presented at trial, the court issued an opinion, finding in favor of Delta Concrete on the issue of liquidated damages.[3] Prior to the commencement of the second trial, the parties notified the court that they had agreed to settle Plaintiffs' principal demands for $20,000, including costs, and reserved the determination of appropriate attorney's fees.[4] The District Court issued an order on January 25, 2005, which incorporated the documents and terms of the parties' settlement into the record, and referred the matter back to the magistrate

---

[2] *Saizan v. Delta Concrete Products Co.*, 209 F. Supp. 2d 639 (M.D. La. 2002).

[3] Thereafter, both sides submitted a joint motion for certification of a partial judgment under FED.R.CIV.P. 54(b), and judgment was entered on February 27, 2003. This Court dismissed the appeal from that partial judgment for lack of jurisdiction. *Saizan v. Delta Concrete Products Co.*, 83 Fed. Appx. 644 (5th Cir. 2003) (per curiam).

[4] The net award, after deducting costs, amounted to $12,906.19, divided equally amongst the three plaintiffs.

judge for a determination of an appropriate fee award.

Pursuant to 29 U.S.C. § 216(b), plaintiffs filed a motion to recover all fees generated as a result of the litigation before the district and appellate courts.  In addition, Plaintiffs sought a multiplier of one and one-half based on four *Johnson*[5] factors.[6] Delta Concrete opposed the motion essentially arguing that Plaintiffs were only entitled to a nominal award of attorney's fees based on the results they obtained in the settlement and in the course of the litigation.

Concurring with the magistrate judge, the District Court denied plaintiffs' request for an award of costs, reduced the lodestar amount by approximately $100,000, and granted plaintiffs' motion for attorney's fees, in the amount of $13,000.  Plaintiffs now appeal the amount of attorney's fees awarded, praying for $114,057 plus judicial interest from the date of the District Court's order.  We affirm.

II

Under the Fair Labor Standards Act, the District Court may award reasonable attorney's fees to the prevailing party.[7]

---

[5] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

[6] Plaintiffs asserted that novelty and difficulty of the issues, the skill required, preclusion of other employment, and undesirability of the case warranted a multiplier.  *See infra* III C.

[7] A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433-34

Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work,[8] we use the lodestar method to calculate an appropriate attorney's fee award under the FLSA.[9]  "The most critical factor in determining an attorney's fee award is the 'degree of success obtained.'"[10] Prevailing party status "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved."[11]  "While a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award."[12]  In a lawsuit initiated under the FLSA, "an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced."[13]

In addition, plaintiffs seeking attorney's fees are charged

---

(1983) (stating that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests).  Though the attorney's fee provision of the FLSA does not mention "prevailing party," we typically cite prevailing party fee-shifting jurisprudence in FLSA cases.  *See, e.g.*, *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

[8]  *Id.* (citing *Shipes v. Trinity Industries*, 987 F.2d 311, 319-20 (5th Cir. 1993)).  The District Court found Plaintiffs' rates to be reasonable.

[9]  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

[10]  *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003) (quoting *Hensley*, 461 U.S. at 436).

[11]  *Hensley*, 461 U.S. at 436.

[12]  *Singer*, 324 F.3d at 830 *(quoting Hollowell v. Orleans Reg'l Hosp. LLC,* 217 F.3d 379, 392 (5th Cir. 2000)).

[13]  *Id.* (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999)).

4

with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment.[14] Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant.[15] The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.[16]

There exists a strong presumption of the reasonableness of the lodestar amount.[17] After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson*.[18] "[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and

---

[14] *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002).

[15] *Id.; Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002).

[16] *Walker*, 313 F.3d at 251 (citing *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)).

[17] *Heidtman*, 171 F.3d at 1043.

[18] The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
*Johnson*, 488 F.2d at 717-19.

the experience, reputation and ability of counsel."[19] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting.[20]

"We review the District Court's award of attorney's fees for abuse of discretion and its factual findings for clear error,"[21] assessing the initial determination of reasonable hours and rates for clear error and its application of the *Johnson* factors for abuse of discretion.[22]

## III

"The District Court's lodestar analysis is inspected primarily to ensure that 'the court sufficiently considered the appropriate criteria.'"[23] The District Court reduced the attorney fee award "due to the plaintiffs' failure to prevail on the key issue supporting the claim for monetary relief—method of calculation of overtime and the entitlement to liquidated damages." Failure to demonstrate billing judgment resulted in further reduction of the

---

[19] *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

[20] *Id.*

[21] *Singer*, 324 F.3d at 829.

[22] *Migis*, 135 F.3d at 1047 (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).

[23] *Singer*, 324 F.3d at 830 (quoting *Louisiana Power & Light Co.*, 50 F.3d at 329).

6

lodestar, and the *Johnson* factors did not warrant an increase.

A.  Billing Judgment

Plaintiffs contend that they provided the District Court with detailed itemized records of the hours expended by the firm in preparing the present case.  Reviewing the time records, the District Court faulted Plaintiffs for vagueness, duplicative work, and not indicating time written off as excessive or unproductive.[24] Plaintiffs unconvincingly argue that the lodestar amount should not be reduced for neglecting to list unbilled time.  The District Court neither committed clear error by finding a failure to provide evidence of billing judgment nor abused its discretion by imposing a ten percent reduction in the lodestar.[25]

B. Success on the merits

Plaintiffs argue that their success warrants the requested fee award because they received vindication—a concession by their employer, a monetary judgment, and a judgment confirming their prevailing-party status under the FLSA.  Vindication, however, is not as weighty of a factor as monetary success.[26]  Accordingly, Delta Concrete counters, arguing that prevailing-party status—which

---

[24]  For example, Plaintiffs' counsel billed approximately 35 hours for preparation of the motion for attorney's fees, costing $6,300.

[25]  The District Court reduced the lodestar amount to $102,651.30.

[26]  *See Migis*, 135 F.3d at 1048.

it conceded as to Garcia and Hooge[27]—is not the equivalent of success on the merits of the case. The District Court agreed.

Plaintiffs argue that the central issue of the case concerned coverage under the FLSA. Since Delta Concrete argued that Plaintiffs were managerial/executive employees subject to the "solo charge" exemption,[28] Plaintiffs assert that Delta Concrete failed to carry its burden of demonstrating that Plaintiffs were exempt from coverage.[29] As a result, Plaintiffs contend that the method of calculating lost wages was peripheral and irrelevant to the key issue that determined the outcome of the case; Delta Concrete's failure to establish that the exemption applied induced the settlement agreement. Additionally, Plaintiffs contend that since the rulings regarding the calculation of damages and liquidated damages were interlocutory and not final, any conclusion as to failure or success was premature. Plaintiffs aver that such a premature assessment of the case for reducing an award of attorney's fees would chill settlements, which is anathema to public policy. We are not persuaded.

Where "a plaintiff has achieved only partial or limited

---

[27] The Settlement Agreement reserved the determination whether Saizan was a prevailing party to the District Court, which found that Delta Concrete had "not supplied any factual or legal basis for the court to conclude that he [was] not a prevailing party entitled to fees under the FLSA."

[28] *Paul v. Petroleum Equipment Tools Co.*, 708 F.2d 168, 170 (5th Cir. 1983).

[29] *See Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001) (holding that the employer bears the burden of proving that it qualifies for an exemption under FLSA).

success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."[30]  The settlement agreement does not contain an admission of liability. Also, Plaintiffs failed to convince the court that they deserved overtime compensation, that the fluctuating worksheet method of calculating the amount of overtime compensation did not apply, that Delta Concrete willfully violated the wage hour law,[31] or that Delta Concrete owed liquidated damages.[32]  Consequently, the District Court did not err in reducing the fee award.

Due to Plaintiffs' lack of success on the merits, the District Court reduced the award of attorney's fees in proportion to the difference between the initial prayer and the ultimate settlement amount.  Plaintiffs challenge this method, arguing that it creates an illogical result.  For example, if the initial assessment of damages were reduced, the attorney fee award would be greater, with no difference in the case.  Plaintiffs argue that such a rule of proportionality "would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively

---

[30] *Migis*, 135 F.3d at 1048 (quoting *Hensley*, 461 U.S. at 436).

[31] The willfulness of a particular violation determines the duration of time for which compensation is recoverable.  *See Singer*, 324 F.3d at 822.

[32] Under the FLSA, an employer who violates the overtime provisions is liable not only for unpaid overtime compensation but also for "an additional equal amount as liquidated damages."  *Id.* at 823 (quoting 29 U.S.C. § 216(b)).

9

small potential damages to obtain redress from the courts."[33] As such, "...Congress determined that it would be necessary to compensate lawyers for all time reasonably expended."[34] Plaintiffs finally argue that the purpose of the FLSA attorney fee provision is "to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances."[35] Consequently, Plaintiffs urge that the amount of attorney's fees should not depend on the size of the damage award. Plaintiffs go on to cite a litany of small recovery cases that support large awards of attorney's fees.[36] Therefore, Plaintiffs submit that the District Court's calculation method constitutes an abuse of discretion.

Both parties and the District Court cite *Singer v. City of Waco, Texas*,[37] Delta Concrete and the District Court making the same argument made by the City.[38] Plaintiffs argue that even though the recovery amounted to only three and one-half percent of the damages

---

[33] *Rivera*, 477 U.S. at 578 (addressing 42 U.S.C. § 1988).

[34] *Id.*

[35] *Fugley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994).

[36] *See*, *e.g.*, *Rivera v. Riverside*, 673 F.2d 1580, 1581-83 (9th Cir. 1985) (awarding $245,456.25 in fees for obtaining a $33,350.00 judgment); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (awarding $160,000 in fees for obtaining a $33,000 judgment).

[37] 324 F.3d 813 (plaintiffs seeking 5 million dollars in damages but recovering $180,000).

[38] *Id.* at 839 (summarizing the City's argument as "essentially contend[ing] that the District Court should have reduced the lodestar because the fire fighters received a much lower damage award than they sought").

10

sought in *Singer*, we found no abuse of discretion in the District Court's decision not to reduce the lodestar amount.[39] However, the District Court decided not to reduce the fee due to other *Johnson* factors that weighed in favor of the result as calculated, balancing out the discrepancy in recovery.[40]

We have reversed an award of attorney's fees where the prayer sought twenty-six times the damages actually awarded and the resultant fee award was over six and one-half times the amount of damages awarded.[41] It remains true that there is no *per se* proportionality rule.[42] However, the District Court had ample reason to reduce the fee award, not relying solely on the low settlement amount but also on Plaintiffs' failure to establish billing judgment and inability to prove any element of the case.

---

[39] *Id.* at 829-30.

[40] *Id.* (finding three factors in favor of an upward adjustment: the novelty and difficulty of the questions presented; the skill required to perform the legal services properly; and the experience, reputation, and ability of the fire fighters' attorney).

[41] *Migis*, 135 F.3d at 1048 (quoting *Hensley*, 461 U.S. at 436). Plaintiffs argue that, here, the 12.8% ratio between the settlement amount and the initial prayer is not controlled by *Migis*.

[42] "We recognize that, under civil rights statutes such as the ADEA, 'there is no per se requirement of proportionality in an award of attorney fees[.]'" Nevertheless, "'[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded[.]'" *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395 (5th Cir. 2003) (quoting *Hernandez v. Hill Country Tel. Co-op.*, 849 F.2d 139, 144 (5th Cir. 1988) (addressing 42 U.S.C. § 1988)). "The amount of damages a plaintiff recovers is only one of many factors that a court must consider when calculating an award of attorneys' fees. An attorneys' fee award does not need to be commensurate with the actual amount of dollars awarded to the plaintiff." *Green*, 284 F.3d at 663 (Title VII case); *but see Hernandez*, 849 F.2d at 144 (stating "proportionality is an appropriate consideration in the typical case").

11

The extent of the reduction does not rise to the level of an abuse of discretion.  Ultimately, the District Court acted well within its purview by reducing the lodestar amount.

C.  *Johnson* Factors

Already having significantly reduced the lodestar amount, the District Court did not revisit the *Johnson* factors individually, apart from its rejection of Plaintiffs' request for a multiplier based on four *Johnson* factors: (1) the novelty and difficulty of the issues in the case; (2) the skill required to perform the legal services properly; (3) the preclusion of other employment by the attorney; (4) the undesirability of the case.[43]  With respect to each, Plaintiffs' arguments are not persuasive.  We are persuaded that the District Court did not abuse its discretion in refusing to depart from the adjusted lodestar amount.

AFFIRMED.

---

[43]  *Johnson*, 488 F.2d at 717-19.