**Norma ESTRADA, Plaintiff,**

**v.**

**CITY OF EL PASO, TEXAS, Defendant.**

**No. EP–06–CV–375–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Dec. 27, 2006.

Constance Russell Wannamaker, Law Office of Constance R. Wannamaker, El Paso, TX, for Plaintiff.

Jennifer F. Callan, El Paso City Attorney's Office, El Paso, TX, for Defendant.

### ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Norma Estrada's "Application for Attorney's Fees," filed on December 8, 2006, and Defendant City of El Paso, Texas's "Objections to Plaintiff's Application for Attorney's Fees," filed on December 19, 2006, in the above-captioned cause. For the reasons that follow, the Court is of the opinion that Defendant should pay Plaintiff attorney's fees in the amount of $825.00.

On November 29, 2006, the Court issued an order remanding the above-captioned cause to state court. In that order, the Court found that Defendant should pay Plaintiff the costs and reasonable attorney's fees incurred in responding to Defendant's removal action, and ordered Plaintiff to submit a request for costs and attorney's fees to the Court for review. Plaintiff has submitted her application for attorney's fees, and Defendant's sole objection to Plaintiff's application is the requested hourly rate of $175.00 for Plaintiff's counsel.

Once a district court has determined that attorney's fees should be awarded, it must use the lodestar method to determine the appropriate amount. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997). The lodestar method requires the district court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the 'lodestar.'" *Id.* To determine a reasonable hourly rate, the Court must use the prevailing market rate in the El Paso legal community. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir.1996) ("Attorneys' fees are to be calculated at the prevailing market rates in the relevant community." (internal quotation omitted)); *see also Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir.2006) (per curiam) (describing the lodestar method as "[m]ultiplying the number of hours reasonably spent on the

case by an appropriate hourly rate in the community for such work").

■ A common method used by district courts to determine the prevailing market rate is to refer to affidavits of other attorneys. *See, e.g., Watkins v. Fordice,* 7 F.3d 453, 458–59 (5th Cir.1993). It is Plaintiff's burden to "produce satisfactory evidence, in addition to her attorney's affidavit, that the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Wheeler v. Mental Health & Mental Retardation Auth. of Harris County, Tex.,* 752 F.2d 1063, 1073 (5th Cir.1985) (citing *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Plaintiff's only evidence is the sworn declaration of her counsel, Constance R. Wannamaker, in which Ms. Wannamaker states that her hourly rate is $175.00 and that such a rate is reasonable for a person in El Paso County with her level of experience. Defendant has submitted an affidavit in which Steven J. Blanco, a local attorney unaffiliated with the case whose focus is on labor and employment law, states that the prevailing market rate for the work similar to that performed in the instant case by someone with Ms. Wannamaker's experience is $135.00 to $150.00 per hour. Because Plaintiff has not submitted any evidence other than her own counsel's declaration, the Court will rely on the rate suggested by Defendant, and finds an hourly rate of $150.00 to be a reasonable reflection of the prevailing market rate in El Paso County.[1]

■ As for the reasonable number of hours expended, Plaintiff requests reimbursement for 5.5 hours in her application. While Ms. Wannamaker's time log reflects a greater amount of time, Ms. Wannamaker stated in her affidavit that she had "spent 5.5 hours on activities related to the removal of this cause." Pl.'s App. for Atty's Fees, Sworn Decl. of Constance R. Wannamaker in Support of Pl.'s App. for Atty's Fees 1. Furthermore, the Court finds 5.5 hours a reasonable amount of time to expend in this removal action. The issues of law were neither novel nor complex, and the only filing by Plaintiff (not including the Bill of Costs) was her four-page Motion to Remand. Multiplying 5.5 hours by $150.00 an hour, the Court arrives at a lodestar of $825.00.

■ The Court may make adjustments up or down from the lodestar after assessing eleven of the twelve factors set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717–19 (5th Cir.1974). *Wegner,* 129 F.3d at 822. The factors are:

(1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent;[2] (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the

---

1. The Court chooses the higher amount submitted by Defendant to bring the award as close as possible to Ms. Wannamaker's regular hourly rate, while remaining within the range of the prevailing market rate. *See La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 328 (5th Cir.1995) (per curiam) ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates.").

2. "The Supreme Court has barred any use of the sixth factor." *Walker,* 99 F.3d at 771.

**680**

type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases.

*Id.* The Court does not find nor do the parties argue that any of the eleven factors warrant an adjustment from the lodestar in the instant case. *See Watkins,* 7 F.3d at 457 ("The lodestar . . . is presumptively reasonable and should be modified only in exceptional cases.").

Accordingly, **IT IS ORDERED** that Plaintiff's "Application for Attorney's Fees" (Docket No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant **PAY** Plaintiff attorney's fees in the amount of **$825.00.**