United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-20787
Summary Calendar
_____

MARGARET LUCIO-CANTU; DAWN MICHELLE RODRIGUEZ, and all
others similarly situated; MARISA MORALES,

Plaintiffs - Appellees,

versus

BLASA VELA, doing business as Blasa Vela Allstate Agency;
VELA & VELA AGENCIES, INC.,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:04-CV-3353

_____

Before JOLLY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Blasa Vela and Vela & Vela Agencies, Inc. ("Vela") appeal the
district court's judgment awarding unpaid overtime, attorneys'
fees, and costs to Margaret Lucio-Cantu, Dawn Michelle Rodriguez,
and Marisa Morales (collectively, "Plaintiffs") following a jury
trial.  We AFFIRM.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Plaintiffs, former employees of Vela, sued Vela in federal district court, alleging that Vela failed to pay them overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). The parties consented to have the matter referred to a magistrate judge, and the matter proceeded to a jury trial. The jury found, inter alia, that Vela failed to pay Plaintiffs overtime as required by the FLSA in the following amounts: $3348.29 to Lucio-Cantu, $52.50 to Rodriguez, and $1296.00 to Morales. Additionally, the jury found that Vela's actions in failing to pay Plaintiffs overtime were not willful. Despite the jury's finding on willfulness, however, the district court exercised its discretion to award liquidated damages to Plaintiffs because Vela did not show that she made all necessary good faith efforts to comply with the FLSA or that she reasonably believed she was acting in conformity with the law. The district court awarded liquidated damages equal to the unpaid overtime amounts found by the jury, thereby doubling the Plaintiffs' recovery. The district court also awarded costs and $51,750 in Plaintiffs' attorneys' fees. Vela appealed.

II.

Vela attacks the judgment of the district court on numerous grounds. We reject all of Vela's arguments, for the following reasons.

A.

2

First, Vela argues judicial estoppel. Vela contends that the district court failed to give "full faith and credit" to a Texas state court judgment in which, Vela alleges, plaintiffs Lucio-Cantu and Morales received deferred adjudications for pocketing insurance premium payments from Vela's clients for their personal use while issuing false receipts and false confirmations that the underlying insurance policies were still effective. According to Vela, the Texas deferred adjudications judicially estop Lucio-Cantu and Morales from arguing in federal court that Vela failed to pay them overtime, because during the periods of unpaid overtime, according to Vela, Lucio-Cantu and Morales did not perform work "primarily for the benefit" of their employer but instead for the benefit of their criminal activities. See Vega v. Gasper, 36 F.3d 417, 424 (5th Cir. 1994) (quoting Dunlop v. City Elec., Inc., 527 F.2d 394, 401 (5th Cir. 1976)).

We do not reach the merits of Vela's judicial estoppel argument because it is unsupported by the record. The district court refused to admit Vela's Exhibits 67 and 68, copies of the Texas deferred adjudications, and Vela failed to proffer Exhibits 67 and 68 to preserve them in the record.[1] Without the Texas deferred adjudications before us, we are unable to determine whether the district court properly held them inadmissible, whether

---

[1] Vela later filed a motion in this Court to supplement the record with Exhibits 67 and 68. We denied Vela's motion on January 24, 2007.

they judicially estop Lucio-Cantu and Morales from bringing their FLSA claims against Vela, and whether the district court should have given them "full faith and credit."

### B.

Next, Vela argues that Plaintiffs are not the "prevailing parties" and therefore are not entitled to attorneys' fees. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Saizan v. Delta Concrete Prod. Co., Inc., 448 F.3d 795, 799 (5th Cir. 2006); Tyler v. Union Oil Co. of Calif., 304 F.3d 379, 404 (5th Cir. 2002). According to Vela, Rodriguez is not a prevailing party because her $52.50 award is "de minimis." Vela also argues that Lucio-Cantu and Morales are not prevailing parties because their awards, when offset by the restitution amounts and costs they are allegedly paying under the Texas deferred adjudication, are either de minimis or zero. Alternatively, Vela argues that there is insufficient evidence to support Plaintiffs' awards and that the jury's findings are contrary to the overwhelming weight of the evidence.

We conclude that Plaintiffs are the prevailing parties. As the district court correctly explained in its August 21, 2006 order, Plaintiffs prevailed on their most significant issue in the case: whether Vela violated the FLSA by failing to pay them for overtime. Plaintiffs provided sufficient evidence to support the jury's findings, each testifying to the number of overtime hours

4

they worked that Vela never compensated.[2]  Vela's remaining arguments are without merit and are unsupported by case law. Accordingly, under <u>Hensley</u>, Plaintiffs are prevailing parties entitled to attorneys' fees.  <u>See</u> 461 U.S. at 433.

## C.

Vela also challenges the amount of attorneys' fees the district court awarded, arguing the award is excessive in the light of Plaintiffs' limited recovery.  We find no abuse of discretion. The district court properly calculated the lodestar amount and then properly considered the Plaintiffs' limited recovery when it reduced the lodestar amount by ten percent.  <u>See</u> <u>Saizan</u>, 448 F.3d at 799-803.

## D.

Finally, Vela challenges the district court's liquidated damages award.  We agree with the district court's analysis in its August 21, 2006 order and uphold the award.  In her testimony before the jury, Vela failed to show that she "had reasonable grounds for believing that [her] act or omission was not a violation of the Fair Labor Standards Act."  <u>See</u> <u>Martinez v. Food</u>

---

[2] Also, by their testimony, Plaintiffs met their initial burden of producing sufficient evidence of the amount and extent of the unpaid overtime they worked.  <u>See</u> <u>Harvill v. Westward Comm'ns, L.L.C.</u>, 433 F.3d 428, 441 (5th Cir. 2005).  Vela was unable to rebut Plaintiffs' evidence because she had destroyed Plaintiffs' employment records.  <u>See id.</u>

City, Inc., 658 F.2d 369, 376 (5th Cir. 1981) (quoting 29 U.S.C. § 260).

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

6