[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 7, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 07-15646 & 07-15703
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00042-CR-WDO-001-5
90-00071-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER LEE WILLIAMS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

(November 7, 2008)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Dexter Lee Williams appeals his conviction for conspiracy to possess with

intent to distribute marijuana, 21 U.S.C. §841(a)(1) and (b)(1)(D) and 21 U.S.C. § 846, and misprision of a felony, 18 U.S.C. § 4. He also appeals the reasonableness of his 60-month sentence imposed upon the revocation of his supervised release. 18 U.S.C. § 3583. We affirm.

## I.

Williams argues that the district court erred by failing to advise him of his rights (1) to confront adverse witnesses, (2) to be protected from compelled self-incrimination, (3) to testify and present evidence, and (4) to compel the attendance of defense witnesses. *See* FED. R. CRIM. P. 11(b)(1). Williams further argues that he was prejudiced by the district court's error because the government's case relied on wiretap evidence and possible testimony from co-defendants, experts, and other witnesses.

Because Williams did not "object to a Rule 11 violation, we review only for plain error. To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam). The "defendant . . . must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez-Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004).

2

"A court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilt plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 F.3d at 1019.  The defendant's plea colloquy will generally be upheld if it adequately addresses Rule 11's core principles, even if the court failed to address a specific Rule 11 issue. *See United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003).

Here, Williams' written plea agreement included a paragraph outlining that he had the rights (1) to confront and cross-examine the government's proof, (2) to testify on his own behalf, but that he could not be compelled to do so, and (3) to present witnesses and evidence on his own behalf.  Williams' right to compel witness attendance was not discussed at the Rule 11 hearing.  Because the district court nevertheless adequately addressed Rule 11's three core principles and Williams has not shown that, but for the court's error, he would not have pleaded guilty, Williams' guilty pleas are not invalid.  We accordingly affirm his convictions.

## II.

Williams next argues that the district court unreasonably imposed the statutory maximum sentence upon revoking his supervised release.  "We review a

district court's decision to exceed the Chapter 7 recommended guidelines range for an abuse of discretion." *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006) (per curiam). We review for reasonableness the sentence imposed upon the revocation of supervised release. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006) (per curiam).

A defendant whose supervised release term is revoked may not be required to serve "more than [60 months] in prison if the offense that resulted in the term of supervised release is a Class A felony . . . ." 18 U.S.C. § 3583(e)(3). The U.S. Sentencing Guidelines recommends a range of 27 to 33 months for a Grade A violation with a category II criminal history if the defendant was on supervised release as a result of a sentence for a Class A felony. U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a) (2007). "Where the original sentence was the result of a downward departure . . . , an upward departure may be warranted." § 7B1.4 cmt. n.4.

Here, neither party disputes that the revocation of supervised release was mandatory, that Williams' original offense was a Class A felony, or that the applicable statutory maximum sentence was 60-months' imprisonment. The district court also explicitly considered the Chapter 7 guideline range. The court determined, however, that the range was inadequate.

4

The court instead imposed the statutory maximum sentence, which was reasonable under the circumstances. Williams previously received a substantial downward departure. His original sentence of 360 months' imprisonment was reduced to 148 months' imprisonment. Because he subsequently committed numerous violations while on supervised release, his upward departure for violating supervised release was warranted. *See* U.S. SENTENCING GUIDELINES MANUAL § 7B1.4 cmt. n.4. Therefore, the district court did not abuse its discretion by imposing a 60-month sentence upon revoking Williams' supervised release.

## CONCLUSION

After carefully reviewing the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**