# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2017

Lyle W. Cayce
Clerk

No. 16-50646

RUSSELL R. CERVANTES; STEPHANIE FAZ; DANIEL YOUNG; JOHN WARD,

    Plaintiffs – Appellants,

v.

JAMES ADAM COTTER; MARCUS P. ROGERS, in his Capacity as Court Appointed Temporary Administrator Pending Contest of the Estate of James Franklin Cotter,

    Defendants – Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-287

Before SMITH, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

The appellants in this case challenge the magistrate judge's decision to reduce an award of attorneys' fees solely because of the limited success obtained. We VACATE the award of attorneys' fees and REMAND for reconsideration in light of this opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50646

## I.

Russell Cervantes, Stephanie Faz, Daniel Young, and John Ward (the Appellants) sued Cotter & Sons, Inc., James Cotter, Sr., and James A. Cotter, Jr.[1] (the Appellees), alleging violations of the Fair Labor Standard Act's overtime compensation requirements and its prohibition of retaliatory termination.[2] 29 U.S.C. §§ 207, 215. The parties filed cross-motions for summary judgment. The magistrate judge[3] granted the Appellees' motion for summary judgment as to the Appellants' retaliation claim, but granted in part the Appellants' motion as to their overtime compensation claim. Specifically, the magistrate judge concluded that the Appellants were not entitled to recover liquidated damages,[4] but could recover the amount of unpaid overtime compensation owed to them—a total of $408.99.[5]

Thereafter, the Appellants filed their motion for attorneys' fees and costs under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 54, seeking $14,838.40 and $708.40, respectively.[6] Ultimately, the magistrate judge entered an order reducing the lodestar in this case in light of the low amount of damages recovered. In so doing, however, the magistrate judge failed to follow our case law holding that the lodestar may not be reduced *solely* because

---

[1] President and Vice-President of Cotter & Sons Inc., respectively.

[2] The Appellants also alleged a violation of the FLSA's minimum wage requirements. *See* 29 U.S.C. § 206. However, as the magistrate judge noted, "[t]hat claim is not part of the issues raised by the four named plaintiffs," and so it was not addressed in the magistrate judge's summary judgment order.

[3] As authorized by 28 U.S.C. § 636(c), the parties consented to a United States Magistrate Judge conducting all proceedings and deciding all issues in this case.

[4] *See* 29 U.S.C. § 216(b) (providing that employers who violate § 207 or § 215 may be required to pay "an additional equal amount as liquidated damages").

[5] The amounts awarded to each employee are as follows: Russell Cervantes: $20.25; Stephanie Faz: $131.63; John Ward: $199.50; Daniel Young: $58.50.

[6] *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

2

No. 16-50646

of the "results obtained." *See Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799–803 (5th Cir. 2006); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829–30 (5th Cir. 2003). Because the magistrate judge relied solely on the "results obtained" to reduce the lodestar, we conclude that the fee award should be vacated and the magistrate judge should reassess the fee determination in light of our precedents.

## II.

Accordingly, we VACATE that award and REMAND for determination of a fee award consistent with this opinion.[7]

---

[7] The magistrate judge should also address the issue of attorneys' fees to the Appellants as prevailing parties on appeal. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) ("'An additional fee to compensate counsel for their services in connection with the appeal can be awarded in a [FLSA] case when the appellate court considers such an award appropriate.'" (quoting *Montalvo v. Tower Life Building*, 426 F.2d 1135, 1150 (5th Cir. 1970))); *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1354 (5th Cir. 1980) (awarding attorneys' fees incurred on appeal under § 216(b)).