# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2021

Lyle W. Cayce
Clerk

No. 20-30521

Derrick Rodney; Jerome Batiste; Courtney Watson,

*Plaintiffs—Appellants*,

*versus*

Elliott Security Solutions, L.L.C.; Ian Kennard; Darrin Elliott, Sr.; Dayone Elliott,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-11890

Before King, Smith, and Haynes, *Circuit Judges*.

Per Curiam:*

Plaintiffs-appellants challenge the district court's reduction to their requested amount of attorney's fees. Because the district court did not abuse

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30521

its discretion in determining the amount of attorney's fees to award, we AFFIRM.[1]

## I.

Plaintiffs-appellants Derrick Rodney, Jerome Batiste, and Courtney Watson (collectively, "Plaintiffs") brought an action under the Fair Labor Standards Act (the "FLSA") and Louisiana Wage Payment Act against defendants-appellees Elliot Security Solutions, L.L.C., Ian Kennard, Darrin Elliott, Sr., and Dayone Elliott (collectively, "Defendants") for improper wage deductions and a failure to pay overtime. Plaintiffs' claims were resolved before any depositions had occurred, once they accepted a Rule 68 Offer of Judgment for $17,750.00, exclusive of attorney's fees, from Defendants (the "Offer"). As part of the Offer, Defendants also agreed to pay reasonable attorney's fees.

Plaintiffs then sought $41,335.00 in attorney's fees for 118.1 hours of work at rate of $350.00 per hour, which Defendants opposed. In a careful report and recommendation, the magistrate judge determined that the proper lodestar for the fee award was based on 82.435 hours of work, 64.335 hours of which should be billed at the reasonable rate of $325.00 per hour and 18.1 hours, of which should be billed at the rate of $275.00 per hour because the work was more routine and typically handled by more junior attorneys. Based on these rates and hours, the magistrate judge determined that the lodestar was $25,886.38. The magistrate judge then determined that the lodestar should be adjusted downward in light of the *Johnson* factors[2] by fifteen

---

[1] Judge Haynes concurs in the judgment only.

[2] The twelve factors from *Johnson v. Georgia Highway* are as follows: 1) "the time and labor required"; 2) "the novelty and difficulty of the questions"; 3) "the skill requisite to perform the legal service properly"; 4) "the preclusion of other employment by the attorney due to acceptance of the case"; 5) "the customary fee"; 6) "whether the fee is

percent for a total award of $22,003.42. After adopting the magistrate judge's report and recommendation, the district court awarded $22,003.42 in attorney's fees. Plaintiffs timely appealed.

## II.

We review an award of attorney's fees and a district court's application of the *Johnson* factors for abuse of discretion, though we review the initial determination of reasonable hours and rates for clear error. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). A district court has wide discretion in setting fees "in view of its superior understanding of the litigation." *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 261 (5th Cir. 2018) (cleaned up). And a district court only abuses its discretion if it: "(1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)).

## III.

In determining the appropriate amount of attorney's fees, a district court first must calculate the "lodestar" by "multiplying the reasonable

---

fixed or contingent"; 7) "time limitations imposed by the client or the circumstances"; 8) "the amount involved and the results obtained"; 9) "the experience, reputation, and ability of the attorneys"; 10) "the 'undesirability' of the case"; 11) "the nature and length of the professional relationship with the client"; and 12) "awards in similar cases." *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 n.3 (5th Cir. 2020) (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)) (cleaned up). And we have clarified that we may consider these factors after first calculating the lodestar, which "has long been our practice." *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016) (explaining that although the Supreme Court "cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee," the Court does not "make it impermissible to . . . consider any relevant *Johnson* factors [after first calculating the lodestar]") (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

No. 20-30521

number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). After determining the lodestar, the district court may then examine the *Johnson* factors to decide if appropriate adjustments to the lodestar are necessary. *Id.*; *see Combs*, 829 F.3d at 393. In other words, the *Johnson* factors are guides for adjusting a lodestar *not* calculating a lodestar in the first instance. We emphasize that we generally require a district court to "explain with a *reasonable* degree of specificity the findings and reasons upon which the award is based," which includes an indication of how the *Johnson* factors were applied. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993) (emphasis added); *see Torres v. SGE Mgmt., L.L.C.*, 945 F.3d 347, 354 (5th Cir. 2019) (holding that a district court need not provide a lengthy analysis of each factor, though entirely disclaiming use of the factors would be an abuse of discretion). And as we discuss below, in her thorough, thirty-three-page report and recommendation, the magistrate judge did exactly that.

Here, Plaintiffs challenge both the initial lodestar amount and the additional fifteen-percent reduction pursuant to the *Johnson* factors. Both challenges fail. We discuss each in turn.

As to the initial lodestar amount, the magistrate judge was careful to explain her reasoning for reducing the rate from $350.00 per hour to $325.00 for more complex work and $275.00 for associate-level work and to discuss each of the billing entries for which Plaintiffs' counsel sought fees and whether the hours for those entries would be included, excluded, or reduced. Plaintiffs have not pointed to any clear error—nor can we find any—in determining the reasonable rates based on a survey of similar cases and the rates imposed there as well as a review of the evidence submitted, including a declaration from Plaintiffs' counsel and other attorneys who represent plaintiffs in FLSA suits. *See, e.g.*, *Leroy v. City of Hous.*, 906 F.2d 1068, 1079

(5th Cir. 1990) (noting that as to "more routine" tasks, "hourly rates near the top of the scale will nevertheless generally be inappropriate if in the particular context the task could have been properly accomplished with greater overall cost efficiency by competent personnel whose lesser experience and skill would not justify such high rates").

Similarly, Plaintiffs have not pointed to any clear error—and, again, nor can we find any—in determining that the reasonable hours should be reduced from 118.1 hours to 82.435 hours by analyzing whether each entry demonstrated billing judgment, was block-billed or vague, was for administrative work instead of legal work, was more properly characterized as routine or associate-level work, and was productive and successful. *See, e.g.*, *Saizan*, 448 F.3d at 799–800 (affirming an award where, after "[r]eviewing the time records, the District Court faulted Plaintiffs for vagueness, duplicative work, and not indicating time written off as excessive or unproductive"). In other words, the magistrate judge "explain[ed] with a reasonable degree of specificity the findings and reasons upon which the award [was] based." *Shipes*, 987 F.2d at 320. To that end, the district court "had ample reason to reduce the fee award," and "[t]he extent of the reduction does not rise to the level of an abuse of discretion." *Saizan*, 448 F.3d at 803. At bottom, the district court acted well within its purview in calculating the lodestar.

As to the fifteen-percent reduction of the lodestar under the *Johnson* factors, the magistrate judge was careful to avoid so-called "double counting" to the extent that a factor was already accounted for in the initial lodestar determination. *Id.* at 800. Among the factors that were not already subsumed by the lodestar calculation, the magistrate judge emphasized that

the success achieved is the most important factor[3] and then also considered the novelty of the issues and preclusion of other employment.

On appeal, Plaintiffs emphasize our caselaw where we have observed that an "*enhancement*" based on specific *Johnson* factors—complexity of the issues and results obtained—"is only appropriate 'in rare and exceptional circumstances' and must be supported by both specific evidence in the record and detailed findings by the lower court." *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (quoting *Shipes*, 987 F.2d at 319–22 & n.9) (emphasis added); *Shipes*, 987 F.2d 320. But Plaintiffs' reliance here is misguided.

First, this case does not involve an *enhancement* under the *Johnson* factors. It involves a reduction—i.e., a downward adjustment. And in the cases Plaintiffs rely on, we expressly emphasized that it is in the context of an enhancement or upward adjustment of the lodestar where we have required specific record evidence and detailed findings by lower courts.[4] *See Heidtman*, 171 F.3d at 1043; *Shipes*, 987 F.2d at 320; *see also Cruz*, 957 F.3d at 575 (noting in the *downward* adjustment context that our caselaw "instructs that in reviewing adjustments to the lodestar, we need only consider whether

---

[3] And it is certainly true that among the *Johnson* factors, we have suggested that "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) (quoting *Saizan*, 448 F.3d at 799); *see also Gurule*, 912 F.3d at 261; *Migis*, 135 F.3d at 1047 (noting that the Supreme Court has also suggested that this factor was the "most critical factor" (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992))).

[4] And this distinction between enhancements and reductions makes sense because "the burden of proving that an *enhancement* is necessary must be borne by the fee applicant." *Perdue*, 559 U.S. at 553 (emphasis added). This is so because an enhancement would add to the award of attorney's fees, and it is the fee applicant who bears the burden of establishing entitlement to an award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Further, "it is enhancements that must be rare because, instead of merely guaranteeing adequate representation, they can result in a windfall to attorneys." *Combs*, 829 F.3d at 393.

the district court properly considered the appropriate criteria" and affirming a decision not to so reduce the lodestar) (cleaned up); *Combs*, 829 F.3d at 393–94 (discussing the distinction between enhancements and reductions to the lodestar). This, however, is a different case; we are not confronted with such an enhancement.

Second, in the absence of an enhancement, the district court appropriately considered the results that Plaintiffs obtained, the novelty of the issues, and the preclusion of other employment. *See Gurule*, 912 F.3d at 258–61; *see also Cruz*, 957 F.3d at 575. In light of these *Johnson* factors, which were not already subsumed in the lodestar calculation, the lodestar was reduced by fifteen percent.[5]

In explaining her reasoning regarding the novelty of the issues and the preclusion of other employment, the magistrate judge specifically observed that "[t]here were no unusual questions nor is there any evidence that [Plaintiffs' counsel] was precluded from other employment due to his acceptance of the case." And she further noted that there were only three Plaintiffs in this case, and the case required a standard review of payroll records. The magistrate judge also considered the result obtained, noting that the Plaintiffs' sum recovery was $17,750.00, which was allocated among the Plaintiffs as $9,100.00 to one, $4,600.00 to another, and $2,850.00 to the

---

[5] The magistrate judge was careful to base the reduction on only those *Johnson* factors that were not already subsumed in the lodestar. It is true that we have previously noted that factors such as preclusion of other employment will ordinarily—but not always—be subsumed within the lodestar amount where, for example, the lodestar includes high hours that were reasonably billed. *See Shipes*, 987 F.2d at 321–22. Under those circumstances, preclusion of other employment cannot be the reason for *enhancing* a fee award. *See id.* But the circumstances are different where the lodestar is *reduced* rather than enhanced. This is so because although allowing a high number of billed hours to be part of the lodestar may reflect preclusion of other employment (there are only so many hours in a day), the inverse is not necessarily true.

third. Moreover, the magistrate judge was careful to distinguish this case, which did not take years to litigate or did not even progress much past initial discovery, with those cases where litigation was more protracted and higher fees were awarded. Accordingly, the magistrate judge explained both the findings and reasoning upon which the downward adjustment was based.

The district court, in adopting the magistrate judge's report and recommendation, thus appropriately considered these factors in its fifteen-percent downward adjustment of the lodestar. *Cf. Gurule*, 912 F.3d at 261 (affirming a sixty percent downward adjustment of the lodestar where the district court, in considering the prevailing party's degree of success, factored into its calculus the prevailing party's rejection of better settlement offers); *Migis*, 135 F.3d at 1048 (finding an abuse of discretion and reversing an award of attorney's fees where the district court failed "to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought"). Given the foregoing, the fifteen-percent downward adjustment was not an abuse of discretion.

## IV.

For the foregoing reasons, we AFFIRM the award of attorney's fees.