# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-11126
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2024

Lyle W. Cayce
Clerk

Christie Montgomery,

*Plaintiff—Appellant*,

*versus*

State Farm Lloyds,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-3039

————————————————————————

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

This appeal arises from an insurance dispute between Plaintiff-Appellant Christie Montgomery and her insurer, Defendant-Appellee State Farm Lloyds ("State Farm"). Montgomery's property sustained damage from a hail and windstorm. As a result, she filed a claim with State Farm, which they wrongfully denied and refused to pay. Montgomery filed suit

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11126

against State Farm in Texas state court in October 2021, and brought claims for breach of contract, bad faith pursuant to Chapter 541 of the Texas Insurance Code, and violations of the prompt payment provisions of Chapter 542 of that same code. State Farm removed the action to the United States District Court for the Northern District of Texas in December 2021. In March 2023, the jury returned a verdict for Montgomery, finding that State Farm breached the contract between the parties and violated Chapter 541 of the Texas Insurance Code. The jury awarded damages to Montgomery in the amount of $11,426.09. In the final judgment, the district court found that because State Farm violated the prompt payment provisions of Chapter 542 of the Texas Insurance Code, Montgomery was entitled to statutory penalty interest at the rate of 13.25% per year. In total, Montgomery was awarded $14,113.88.

Following the entry of final judgment, Montgomery filed an opposed motion seeking reasonable and necessary attorneys' fees in the amount of $171,700. State Farm challenged the requested attorneys' fees as unreasonable. The district court agreed with State Farm and reduced the award of attorneys' fees to $34,500. Montgomery timely appeals the reduced award of attorneys' fees.

We review a district court's award of attorneys' fees for abuse of discretion and any factual findings for clear error. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (stating that application of the *Johnson* factors is reviewed for abuse of discretion). "To constitute an abuse of discretion, the district court's decision must be either premised on an erroneous application of the law, or on an assessment of the evidence that is clearly erroneous." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008). Determination of attorneys' fees is a multi-step process. The court must first determine the reasonable number of hours spent on the litigation and reasonable rates for the lawyers involved. *La.*

2

No. 23-11126

*Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court must then multiply the reasonable hours by the reasonable rates to calculate the "base lodestar figure." Although "[t]here exists a strong presumption of the reasonableness of the lodestar amount," the court "may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson*." *Saizan*, 448 F.3d at 800. The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974).[1]

Montgomery argues that the district court abused its discretion in several ways. First, Montgomery contends that the district court failed to first adequately calculate the base lodestar figure. This contention is meritless. The district court specifically found that the fee total, the number of hours worked, and the rates charged, were normal and reasonable. It came to this conclusion by relying on Montgomery's own expert witness. The district court calculated the base lodestar figure as $171,700. The district court then proceeded to explain why it felt $171,700 in attorneys' fees was unreasonable.

---

[1] These factors were adopted by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

No. 23-11126

Montgomery also contends that the district court misapplied the law and abused its discretion by solely considering the amount awarded by the jury when assessing the overall reasonableness of the requested attorneys' fees. The record shows, however, that the district court carefully applied the *Johnson* factors and found that several factors weighed in favor of Montgomery, such as the time sensitive nature of the case and the experience, reputation, and ability of the attorneys as well as their respective rates. Additionally, the court noted that the rates billed were consistent with market rates at similar firms in the relevant community and that the attorneys successfully litigated her case, resulting in a jury verdict in her favor. The court then found that the remaining *Johnson* factors, however, weighed heavily in favor of reduction. The case was an insurance contract dispute that presented no novel or complex issues of law. Further, the maximum damages Montgomery could have recovered under the policy were $12,810, and the jury verdict was $11,426.09. As a result, the court found that $34,500 was a more reasonable fee figure that "b[ore] a more rational relationship to the amount awarded," and reduced the requested attorneys' fees. *See Jerry Parks Equip. Co. v. Southeast Equip. Co.*, 817 F.2d 340, 344 (5th Cir. 1987) ("To be recoverable, attorneys' fees 'must be reasonable under the particular circumstances of the case and must have some reasonable relationship to the amount in controversy or to the complexity of the issue to be determined . . . '"). On this record it is apparent that the district court determined the base lodestar, carefully weighed the *Johnson* factors, and ultimately found that a reduction in attorneys' fees was appropriate. We find no abuse of discretion and AFFIRM the judgment of the district court.