# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2010

No. 09-20290
Summary Calendar

Lyle W. Cayce
Clerk

DAVID K. BROYLES; SHELLIE GALIK BROYLES; MICHAEL S. COOPER; BERNICE F. GILMORE; FREDERICK B. HOWDEN, IV; ERIC JONES; STACEY JONES; BRIAN C. KIMMELL; BRIAN E. KOONS; JAMES R. MCKEAN; CHARLES D. MCWILLIAMS; JERRY MOSBACHER; FAYE JESSIE OLIVER; WILLIE IRVIN; MARTIN G. PARR; JAMES E. RITTER; CHERYL STALINSKY; LISA H. THEUT; JAMES A. WINNE, III,

Plaintiffs-Appellants

v.

STATE OF TEXAS, Ex rel Greg Abbott, Texas Attorney General and Ex rel Phil Wilson, Texas Secretary of State; FORT BEND COUNTY, Ex rel Robert E. Hebert County Judge and Ex rel Dianne Wilson County Clerk; WESTON LAKES PROPERTY OWNERS ASSOCIATION, INC., and its Board of Trustees; HERBERT S. YATES; PATRICK A. HARRIS; CHARLES V. FLOWERS; RHONDA ZACHARIAS, Personally and Individually; WESTON LAKES COMMUNITY INCORPORATION PROJECT COMMITTEE, Ex rel Clifton H. Aldrich, its chairman; CITIZENS COMMITTEE FOR INCORPORATION OF WESTON LAKES, Ex rel Clifton H. Aldrich, its chairman,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2320

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

No. 09-20290

PER CURIAM:[*]

## FACTS AND PROCEEDINGS

Appellants are residents and property owners who challenge a municipal incorporation election held in May 2008, in which Weston Lakes, a private gated community in Fort Bend County, Texas and adjacent land were incorporated as the City of Weston Lakes. The neighborhood is a 1,400-acre continuous tract with a guardhouse, security gates, swimming pool, country club, and golf course, with common areas, easements, and roads maintained by a nonprofit corporation under a lengthy set of covenants and by-laws. The community has about 800 residences and 427 vacant lots. Some residents receive water and sewage services from a private provider while others receive such services from the local Municipal Utility District. Owners of lots in Weston Lakes pay annual dues and maintenance fees to the nonprofit that administers the common areas. The incorporated area also includes some adjoining landowners who do not pay dues.

In January 2008, residents gathered enough signatures to place an incorporation vote on the ballot. Pursuant to Texas Local Government Code § 7.006, the vote was open only to residents of the proposed incorporation area, while non-resident landowners were not permitted to vote. The vote was 58 to 42 percent in favor of incorporation, with nearly three-quarters of eligible voters coming to the polls. Appellants alleged that the process leading up to the incorporation vote was rushed, secretive, and tilted in favor of incorporation; that the notice required by the Texas incorporation law was not given; that meeting attendees were not told that a vote was imminent; and that there was improper bullying of anti-incorporation voters at the polling place. They sought a declaratory judgment that § 7.006 is unconstitutional because it discriminates

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20290

against non-resident landowners. They also alleged that the State of Texas and Fort Bend County violated the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg *et seq*., and the Help America Vote Act ("HAVA"), 42 U.S.C. § 15302 *et seq*., through various failures in the voting process. Appellants also brought various claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against state and county officials for constitutional violations caused by "fatal errors" at the polls. They also brought additional state law claims. In a lengthy order, the district court granted Appellees' Rule 12(b)(6) motion to dismiss the federal law claims and dismissed the state law claims without prejudice. *See Broyles v. Texas*, 618 F. Supp. 2d 661 (S.D. Tex. 2009). After additional briefing, the district court denied Appellants' motion for discovery and an evidentiary hearing and then awarded attorney's fees of less than $12,000 to Fort Bend County and various individual plaintiffs. *See Broyles v. Texas*, 2009 WL 2215781 (S.D. Tex. July 23, 2009). This appeal followed.

## STANDARD OF REVIEW

We review de novo a district court's dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6). *See Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In considering whether dismissal was appropriate, we must accept as true all well-pleaded facts. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier*, 503 F.3d at 401 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

We review a district court's award of attorney' fees under 42 U.S.C. § 1988 for abuse of discretion. *See Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009).

3

No. 09-20290

## DISCUSSION

Appellants raise three issues on appeal. First, they argue that the district court committed error when it granted the motion to dismiss as to the unconstitutionality of Texas Local Government Code § 7.006. Second, they argue that the district court applied the wrong standard in resolving the Rule 12(b)(6) motion. Third, they argue that it was an abuse of discretion to deny Appellants' motion for discovery and an evidentiary hearing prior to awarding attorney's fees.

Texas Local Government Code § 7.006 permits only qualified voters "who reside[] within the boundaries of the proposed municipality" to vote on incorporation. Appellants allege that the exclusion of non-resident landowners is an equal protection violation. This claim is not supported by case law. "[A] government unit may legitimately restrict the right to participate in its political processes to those who reside within its borders" and such a restriction does not violate the Equal Protection Clause. *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 68-69 (1978). The fact that non-residents may be affected by a municipality's actions does not mean that non-residents "have a constitutional right to participate in the political processes bringing it about." *Id.* at 69. Appellants' attempt to distinguish the facts of the instant case from *Holt* fail.

Appellants also challenge the standard of review employed by the district court in ruling on the Rule 12(b)(6) motions before it. The district court cited and applied the standard drawn from *Twombly*, which requires that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. *Twombly* abrogated the "no set of facts" standard first articulated in *Conley v. Gibson. Id.* at 546 ("*Conley*'s 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard."). Appellants dismiss this language from *Twombly* as dicta, but in *Ashcroft v. Iqbal*, the Court confirmed that this pleading standard applied

4

No. 09-20290

broadly to all civil complaints. 129 S. Ct. 1937, 1949-50 (2009). The district court correctly applied this standard and, in a lengthy order, dismissed the Appellants' federal claims because the complaint did not contain enough facts to state a plausible constitutional or statutory claim for relief, and denied leave to amend as futile.[1] We affirm this finding.

Finally, we find no error in the award of attorney's fees. A prevailing party in a § 1983 suit may obtain reasonable attorney's fees. *See* 42 U.S.C. § 1998(b); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 410 (1978) (prevailing defendant may obtain reasonable attorney's fees). A prevailing defendant, however, must prove that a suit was frivolous or groundless to recover such fees. *See No Barriers, Inc v. Brinker Chili's Tex., Inc.*, 262 F.3d 498, 498 (5th Cir. 2001). A party has no due process right to an evidentiary hearing if the district court has before it all the information upon which the decision to award fees would be based. *See Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 236 (5th Cir. 1990). The district found that even when all allegations in the complaint were taken as true, they "fell far short of what is necessary to state a claim under § 1983." *Broyles*, 2009 WL 2215781 at *5. The district court then reviewed briefs from the parties and extensive submissions of billing documents, denied some fee requests, reduced others, and determined reasonable attorney's fees. *Id.* at *9-18. This was not an abuse of discretion.

## CONCLUSION

The judgment of the district court is affirmed. All outstanding motions are denied as moot.

---

[1] The district court dismissed the NVRA and HAVA claims because those statutes apply only to federal, not local, elections; dismissed the § 1983 claims because there was no constitutional or federal statutory violation caused by these "garden variety" election irregularities; and dismissed the §§ 1985 and 1986 claims because there was no plausible allegation of racial discrimination. These findings were not in error.