**Luis A RAMIREZ, et al., Plaintiffs**

v.

**LEWIS ENERGY GROUP, L.P., et al., Defendants.**

**CIVIL ACTION NO. 5:15-CV-34**

United States District Court, S.D. Texas, Laredo Division.

Signed July 20, 2016

---

Curt Christopher Hesse, Melissa Moore, Moore & Associates, Houston, TX, for Plaintiff.

Michael V. Galo, Jr., Galo Law Firm, P.C., San Antonio, TX, for Defendant.

## MEMORANDUM AND ORDER

Marina Garcia Marmolejo, United States District Judge

A settlement was reached between the parties in this Fair Labor Standards Act (FLSA) collective action, and now pending before the Court is Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. No. 49). Having reviewed the Parties' submissions, the record, and the applicable law, Plaintiffs' Motion (Dkt. No. 49) is **GRANTED IN PART AND DENIED IN PART.** For the reasons given below, the Court awards

$24,411.40 in attorney's fees and $2,331.60 in taxable costs.

## I. BACKGROUND

In February 2015, Luis Ramirez and five other named plaintiffs (Plaintiffs) sued Lewis Energy Group, L.P. and Lewis Resources Management, LLC (Defendants) to recover unpaid overtime wages under the FLSA. (Dkt. No. 1). Plaintiffs alleged that Defendants improperly classified them and other similarly situated "sample catchers" as independent contractors exempt from the FLSA's overtime requirements. (*Id.*). In July 2015, the Court conditionally certified a collective action and authorized notice to similarly situated employees. (Dkt. No. 30). In total, sixteen additional individuals consented to join the collective action as opt-in plaintiffs; however, four were later dismissed without prejudice upon stipulation of dismissal (Dkt. No. 48).

In March 2016, the Parties notified the Court that they reached a settlement at mediation regarding damages, and that they agreed to submit the issue of attorney's fees and costs to the Court for determination. Accordingly, Plaintiffs filed the instant Motion for Attorney's Fees and Costs (Dkt. No. 49), seeking $39,295.75 in fees and $2,331.60 in costs, based upon the following calculations:

| Name | Hourly rate | Hours | Total |
|---|---|---|---|
| Melissa Moore, Attorney | $450 | 49.96 | $22,482.00 |
| Curt Hesse, Attorney | $350 | 24.45 | $8,557.50 |
| Paralegal | $125 | 63.25 | $7,906.25 |
| Law Clerk | $175 | 2.00 | $350 |
| | Total: | 139.66 | $39,295.75 |

Defendants filed a Response in opposition. (Dkt. No. 50). Defendants do not dispute that Plaintiffs are entitled to attorney's fees or costs, but argue that Plaintiffs' hourly rates are unreasonably high and that Plaintiffs' time entries are excessive. (Dkt. No. 50). Plaintiffs replied that the calculations are appropriate, but withdrew requests for 1.3 hours of fees for Attorney Moore and 1.23 hours of paralegal time. (Dkt. No. 53). Defendants filed a Sur-Reply, reiterating that Plaintiffs' fee calculation is unjustified. (Dkt. No. 54).

## II. LEGAL STANDARD FOR ATTORNEY'S FEES

Under the FLSA, a prevailing plaintiff is entitled to reasonable attorney's fees and costs. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. 216(b)). To determine appropriate attorney's fees, courts in the Fifth Circuit multiply the reasonable hourly fee by the number of hours reasonably expended on the case to arrive at a "lodestar" figure. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). After calculating the lodestar, the court considers whether the figure should be adjusted upward or downward by looking to twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974).[1] *Saizan*, 448 F.3d at

---

1. The twelve *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other

800. The court, however, may not adjust the lodestar figure based on a *Johnson* factor already taken into account during the initial calculation. *Id.; see also Perdue v. Kenny A.*, 559 U.S. 542, 553, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010).

■ The party seeking attorney's fees has the burden of establishing the reasonableness of the number of hours and rates billed, along with any entitlement to an upward adjustment. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); *Perdue*, 559 U.S. at 552, 130 S.Ct. 1662.

## III. ANALYSIS

### A. Reasonable Hourly Rate

■ The first step is to determine counsel's reasonable hourly rate. Reasonable hourly rates are determined on the basis of prevailing rates for attorneys of similar skill and experience in the relevant market. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). These rates are usually established through affidavits of other attorneys practicing in the relevant community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant community refers to "the judicial district in which the litigation occurred (the Southern District of Texas), not the particular division in which the case was pending." *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12–CV–14, 2016 WL 3549483, at *5 (S.D. Tex. June 30, 2016).

### 1. Attorney Moore

■ Here, Plaintiffs seek $450 per hour for Attorney Moore. (Dkt. No. 49 at 3). Moore graduated from South Texas College of Law in 1999 and has practiced in Texas since November 1999 (16 years). She is admitted to practice in several courts but is not board certified in any specialty. The law firm, Moore & Associates, focuses on labor and employment law, and approximately 70% of the firm's current workload is FLSA cases.

In support of this hourly rate, Plaintiffs point to four sources: Moore's own affidavit that her normal hourly rate is $450; a recent order awarding Moore $450 per hour; a table of FLSA hourly rate awards throughout Texas; and multiple attorney affidavits from practitioners in the Southern District of Texas. These sources are of limited utility and generally bereft of helpful information. To begin, the affidavits are from another cause and concern reasonable fee ranges for those attorneys, who have backgrounds and credentials significantly different from Attorney Moore's.[2] Likewise, the table of FLSA hourly rate awards throughout Texas contains no information regarding the listed attorneys' skill and experience. Finally, Moore's recent fee award has little probative value regarding her reasonable fee since the award was granted in an uncontested fee petition on a default judgment. In other words, the Court is only left with Moore's own statement that her normal hourly rate is reasonable as justification for her rate.

work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717–19.

**2.** For example, these affidavits contain detailed information regarding these attorneys' professional memberships and honors. (Dkt. No. 53–1). While Attorney Moore may be equally accomplished, Plaintiffs have not provided the Court with information on this subject.

Moore's hourly rate, however, is significantly higher than the median hourly rate of her peers. According to the 2013 State Bar of Texas hourly rate survey, the median hourly rate for attorneys with 16-20 years of experience, like Attorney Moore, ranged from $213-282 in the relevant community.[3] The median hourly rate ranged from $207-246 for 2-5 attorney firms and from $188-267 for labor-employment disputes. Recent cases also suggest that $450 per hour is unreasonable. For example, in 2015 this Court found $345 was a reasonable hourly rate in a FLSA case for a solo practitioner with 18 years of experience, who was not board certified. (Case No. 5:12–CV–195, Dkt. No. 150 (adopting Report and Recommendation, Dkt. No. 148)).

Based upon this evidence and the Court's knowledge of rates in the relevant market, the Court concludes Moore's hourly rate of $450 is well above the prevailing rates in the relevant community and is not reasonable. Instead, the Court finds that $350 per hour is a reasonable hourly rate for attorneys with comparable experience in the Southern District of Texas.

### 2. Attorney Hesse

█ Plaintiffs submit that Attorney Hesse's reasonable hourly rate is $350. Hesse is an associate attorney with Moore & Associates. Hesse graduated from South Texas College of Law in 2008 and has practiced in Texas since November 2008 (7 years). He is also admitted to practice in several courts but not board certified in any specialty.

In support of Hesse's hourly rate, as with Attorney Moore, the Court is only left with Moore's affidavit testimony that Hesse's rate is $350 per hour and that this rate is reasonable. According to the State Bar survey, however, this rate is signifi-

cantly higher than the median hourly rate in the relevant community for attorneys with 7-10 years of experience ($150-248 per hour), for attorneys in 2-5 attorney firms ($207-246), and for attorneys in labor-employment disputes ($188-267).

Based upon the above evidence and the Court's knowledge of rates in the relevant market, the Court concludes Attorney Hesse's hourly rate of $350 is unreasonable for an attorney of his skill and experience. The Court finds that $275 per hour is a reasonable hourly rate for Attorney Hesse.

### 3. Paralegal

Plaintiffs contend the reasonable hourly rate for paralegal work is $125 per hour, and Defendants do not challenge the reasonableness of this rate. Attorney Moore submitted an affidavit that the hourly rate of her paralegal is $125, which finds support in recent cases. See Rouse v. Target Corp., No. 3:15–CV–48, 181 F.Supp.3d 379, 390–91, 2016 WL 319871, at *7 (S.D. Tex. Jan. 26, 2016) (finding $100 per hour reasonable for paralegal work and collecting cases in this district finding $75 to $125 reasonable). Given the affidavit testimony and the Court's experience in the community, the Court finds that $125 per hour is reasonable.

### 4. Law Clerk

█ Plaintiffs seek $175 per hour for law clerk work. Here, Attorney Moore submitted an affidavit that her law clerk's hourly rate is $175 per hour, but provided no information regarding the law clerk's qualifications, credentials, or even whether her law clerk is a student or practicing attorney. Because of this lack of informa-

---

**3.** State Bar of Texas, 2013 Hourly Fact Sheet (2013), https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_ Economic_Trends & Template=/CM/Content-Display.cfm & Content=27264.

tion, the Court finds Plaintiffs have not met their burden to recover law clerk time.

## B. Number of hours reasonably expended on the litigation

 The next step in the lodestar analysis is to determine the number of hours reasonably expended on the litigation. As part of the reasonableness inquiry, the fee applicant has the burden of demonstrating the exercise of billing judgment. *Saizan*, 448 F.3d at 799. Billing judgment refers to the exclusion of hours that are excessive, redundant, or unproductive. *Id.* The remedy for a lack of billing judgment is a reduction in hours "by a percentage intended to substitute for the exercise of billing judgment." *Id.*

Here, Plaintiffs seek fees for roughly 139 hours.[4] Defendants object to 49 of Plaintiffs' time entries, either arguing that certain activities are not recoverable or that Plaintiffs' counsel did not exercise billing judgment.

 First, Defendants contend that time related to the four plaintiffs who were voluntarily dismissed is not recoverable. The Court agrees. Plaintiffs are not entitled to fees for work undertaken solely on unsuccessful plaintiffs. *See Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990) (citing *Hensley*, 461 U.S. at 440, 103 S.Ct. 1933). Accordingly, Entry 38104 for .5 hours drafting the stipulation of dismissal by Attorney Moore is eliminated. Entries 36929 and 38596 for .6 hours by Attorney Moore and Entry 38600 for 1 hour of paralegal time, already withdrawn in Plaintiffs' reply, are also eliminated. Entries 38598, 36222, and 38599 for time reviewing and preparing notices of consent for one dismissed and one successful plaintiff are also reduced by 50% to .33 hours of paralegal time and to .25 hours by Attorney Moore.[5] With regard to the 22.75 hours spent generally on preparing discovery responses (Entries 36998, 38602-05, 36654, 35997, 37354, 37453-54), this amount is reduced proportionally by 18% to 18.7 hours of paralegal time to account for time spent on the four dismissed plaintiffs.

 Additionally, Defendants challenge time billed by paralegals for clerical tasks. Plaintiffs seek to recover 1.75 hours of paralegal time for printing and saving documents, and obtaining court procedures for a conference call. Attorney fees, however, may not be awarded for clerical work. *See Broyles v. Texas*, No. CIV.A.H–08–02320, 2009 WL 2215781, at *11 (S.D. Tex. July 23, 2009) (citing *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001)) (eliminating paralegal charges for printing and filing), *aff'd per curiam*, 381 Fed.Appx. 370 (5th Cir. 2010). Thus, the 1.75 hours charged in Entries 34101, 34935, 35220, 35231, and 36504 are eliminated.

Likewise, Defendants challenge two time entries by Attorney Moore for reviewing court orders and calendaring dates as clerical work that should not have been billed by counsel. Because recording deadlines is an administrative task, Entries 33008 and 34029 are reduced by half to .21 hours.[6] *See Riddle v. Tex–Fin, Inc.*, No. CIV.A. H–08–3121, 2011 WL 1103033, at

---

4. Although Plaintiffs "withdrew" 2.53 hours in their Reply (Dkt. No. 53), these numbers have not been automatically deducted from this figure, except for Entry 35864 (.25 hours billed for objections that did not occur), because the Court believes they are more simply addressed as concessions to Defendants' objections as outlined below.

5. Plaintiffs conceded in their Reply that Entries 38598, 36222, and 38599 should have been reduced to .75 hours total. The Court, however, finds the above calculation is more accurate.

6. Plaintiffs conceded in their Reply that Entry 34029 should have been reduced by .05 hours. The Court again finds the above calculation is more accurate.

*9 (S.D. Tex. Mar. 22, 2011) (excluding time spent calendaring dates from fee calculation).

 Finally, the remainder of Defendants' objections concerns a lack of billing judgment. Defendants point to numerous time entries as excessive or redundant.[7] For example, Defendants argue it was excessive for Attorney Moore to bill 2.75 hours drafting the Motion for Conditional Class certification when it was mostly copied from the same motion in an earlier companion case. Defendants raise similar arguments with regard to time entries related to drafting the complaint, the proposed notice to class members, requests for production and interrogatories, and proposed class notice. Additionally, Defendants point to several entries as duplicative, where multiple people worked on pleadings and discovery responses, or attended hearings and mediations without any reductions to account for unproductive or redundant time.

The Court finds that the records submitted support Defendants' arguments and that it is not clear that Plaintiffs' counsel exercised billing judgment. Although Attorney Moore submitted an affidavit stating Moore & Associates exercises billing judgment, no hours from the firm's time records were excluded from Plaintiffs' initial fee request. And, of the 2.53 hours withdrawn in Plaintiffs' reply, all but one reduction was in direct response to Defendants' arguments that fees are not recoverable on unsuccessful plaintiffs or that the event billed never occurred.[8] In fact, the only concession made in response to arguments that Plaintiffs' hours were excessive was a reduction to .2 hours from .42 hours for Entry 33771 (drafting a four-line e-mail).

Because "billing judgment requires documentation . . . of the hours written off as unproductive, excessive, or redundant," the Court concludes the amount of hours billed is unreasonably high due to a lack of billing judgment. *Saizan*, 448 F.3d at 799. Accordingly, a reduction in recoverable hours by 20% is necessary to arrive at the number of hours reasonably spent on this case. At the hourly rates determined *supra*, the lodestar fee is $24,411.40.

| Name | Hourly rate | Hours | Total |
|------|-------------|-------|-------|
| Melissa Moore, Attorney | $350 | 38.31 | $13,420.40 |
| Curt Hesse, Attorney | $275 | 19.56 | $5,379.00 |
| Paralegal | $125 | 44.90 | $5,612.00 |
| Law Clerk | – | – | – |
| | **Total:** | 102.77 | **$24,411.40** |

### C. *Johnson* Adjustments

The Parties do not argue for additional

7. Defendants invite the Court to conduct a line by line audit of Plaintiff's billing judgment. Instead, this Court heeds the Supreme Court's admonishment in *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocation an attorney's time." *Id.* at 838, 131 S.Ct. 2205.

8. In other words, all but one of the withdrawn entries would have been disallowed by the Court regardless of Plaintiffs' reply on the grounds such hours were not recoverable.

adjustments to the lodestar based on Johnson factors not already taken into account, and the Court agrees that no additional increases or reductions are necessary.

### D. Costs

Plaintiffs submitted $2,331.60 in recoverable costs, and Defendants raise no objections. Accordingly, Plaintiffs' motion for $2,331.60 in undisputed costs is **GRANTED.**

### IV. Conclusion

For the reasons explained above, Plaintiffs' Motion for Attorney's Fees & Costs (Dkt. No. 49) is hereby **GRANTED IN PART AND DENIED IN PART.** Attorney's Fees are awarded in the amount of **$24,411.40.** Costs in the amount of **$2,331.60** are also awarded. Parties should file the appropriate closing documents with the Court within **30 days.**

It is so **ORDERED.**